UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

October 20, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Mary O. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 21-2797-BAH

Dear Counsel:

On November 1, 2021, Plaintiff Mary O. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case (ECF 9), the parties' cross-motions for summary judgment (ECFs 12 and 15), and Plaintiff's reply (ECF 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on August 3, 2018, alleging a disability onset of December 16, 2016. Tr. 86. Plaintiff later amended the onset date to October 9, 2018. Tr. 48. Plaintiff's claim was denied initially and on reconsideration. Tr. 83, 110. On September 17, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 41–82. Following the hearing, on April 14, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 19–40. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.   **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

---

[1] 42 U.S.C. §§ 301 et seq.

continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 16, 2016. Tr. 24. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity and degenerative joint disease in the right lower extremity." Tr. 24. The ALJ also determined that Plaintiff suffered from the non-severe impairments of gout, hyperlipidemia, hypertension, chronic diarrhea, hand and arm pain, depressive disorder, and bi-polar disorder. Tr. 24 – 29. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 29-30. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) except she is limited to occasional climbing of ladders, ropes, and scaffolds. She is able to frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs." Tr. 30. The ALJ determined that Plaintiff was able to perform past relevant work as an unarmed security guard (DOT # 372.667-034).[2] Tr. 34. Therefore, the ALJ concluded that Plaintiff was not disabled from December 16, 2016, through the date of the ALJ's decision. Tr. 34.

### III. LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Mary O. v. Kijakazi*
Civil No. 21-2797-BAH
October 20, 2022
Page 3

analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.     ANALYSIS

Plaintiff raises two arguments on appeal, specifically that the ALJ erroneously: (1) "failed to evaluate the medical necessity for Plaintiff's cane which would preclude Plaintiff's ability to perform her past work or any other work that would utilize her transferable skills" and; (2) "failed to find Plaintiff's gout and chronic diarrhea to be severe impairments, or in the alternative, failed to account for limitations of these nonsevere impairments in the RFC causing it to be unsupported by substantial evidence." ECF 12-1, at 6–12.

I begin by addressing Plaintiff's claim that the ALJ's RFC analysis failed to account for limitations related generated by the non-severe impairment of chronic diarrhea. "To make [an RFC] assessment, the ALJ must 'consider all of the [the claimant's] medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015) (quoting 20 C.F.R. § 416.945(a)(2), Title XVI's analogous regulation to Title II's 20 C.F.R. § 404.1545(a)(2)). Further guidance is found in SSA Ruling 96-8p, which states that an ALJ assessing a claimant's RFC "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

The ALJ here determined that Plaintiff's chronic diarrhea was a non-severe medically determinable impairment at the second step of the analysis. Tr. 25–26. Thus, the ALJ was required to consider the limitations and restrictions that this condition imposed in assessing Plaintiff's RFC. *Mascio,* 780 F.3d at 635. The ALJ noted at the end of the step-two analysis that "[e]ven though the undersigned is finding [diarrhea, and other] impairments to be nonsevere, the undersigned notes that the claimant's medically determinable impairments, severe and non-severe, are accounted for in the residual functional capacity assessed below." Tr. 31. Simply making this claim does not make it so; the portion of the ALJ's opinion addressing Plaintiff's RFC makes almost no reference to Plaintiff's bowel issues, stating only that "[w]hile the doctor's treatment notes list the claimant's other alleged impairments as well, again, treatment notes do not document significant subjective complaints, the need for specialty treatment or that the current medication regimen is not effective in controlling or reducing the claimant's symptoms, or positive objective findings in support of the alleged limitations." Tr. 34 (citing Exhibits 4F, 6F, and 12F). This is far from the more detailed accounting promised by the ALJ (and required under SSR 96-8p). *See Anthony M. v. Comm'r, Soc. Sec. Admin.*, No. SAG-19-651, 2020 WL 434581, at *3 (D. Md. Jan. 28, 2020) ("[T]he ALJ was required to consider the combined effect of Plaintiff's severe and non-severe impairments in his RFC discussion, including his non-severe depression and anxiety.").

I am unclear as to exactly what "other alleged impairments" the ALJ is referencing because the records cited—Exhibits 4F, 6F, and 12F—tally almost one hundred and fifty pages and make

reference to a number of Plaintiff's ailments, both severe and non-severe. However, the use of the word "again" is likely a reference to the ALJ's discussion of non-severe ailments, including chronic diarrhea, at the second stage of the analysis and during a discussion of the persuasiveness of various medical opinions. Regardless, I do not find that the discussion in these sections provides the consideration contemplated by 20 C.F.R. § 404.1545(a)(2) and SSA Ruling 96-8p.

It is true that "although some consideration is required, there is no requirement that the RFC reflect a claimant's non-severe impairments to the extent the ALJ reasonably determines such impairments do not actually create functional limitations on a claimant's ability to work." *Perry v. Colvin*, No. 2:15-CV-01145, 2016 WL 1183155, at *5 (S.D. W. Va. Mar. 28, 2016) (citing 20 C.F.R. § 404.1545(a)(1)). This reasonable determination, and the accompanying analysis, can occur at multiple stages of an ALJ's five-step disability determination. *See Layson v. Comm'r, Soc. Sec. Admin.,* No. SAG-17-1183, 2018 WL 2118644, at *3 (D. Md. Feb. 21, 2018) (finding that a discussion of a non-severe condition during the analysis of a physician's opinion satisfied the requirement that an ALJ consider non-severe impairments while formulating an RFC); *Presnell v. Colvin*, No. 1:12-CV-299-FDW, 2013 WL 4079214, at *4 (W.D.N.C. Aug. 13, 2013) (rejecting the claimant's position that the ALJ erred in failing to consider non-severe mental impairments where the ALJ "determined in step three that [the] mental impairments were non-severe, and as a result, concluded that they caused little or no functional limitation which would impact the ALJ's analysis of [the claimant's] RFC"); *Theresa C. v. Kijakazi*, No. 21-2026-BAH, 2022 WL 3649965, at *5 (D. Md. Aug. 24, 2022) (finding that an ALJ's discussion of non-severe ailments and their impact on the claimant's ability to work at multiple steps was sufficient to satisfy the requirements of SSR 96-8p). Though the ALJ promised that such analysis occurred, I am nonetheless unable to conclude that the ALJ adequately discussed, at any step of the analysis, the impact of Plaintiff's chronic diarrhea on Plaintiff's ability to work or that there is substantial evidence supporting Plaintiff's RFC. As such, remand is required.

For example, at step two, the ALJ concluded that "the medical record does not adequately support that the claimant's diarrhea would more than minimally affect her ability to perform basic work activities for twelve continuous months." Tr. 26. This conclusion comes after the ALJ noted that "claimant's diarrhea was controlled with medication treatment since there was no significant and repeated mention of diarrhea after the claimant underwent a colonoscopy on October 16, 2017." Tr. 25–26. The ALJ again stated that the "record does not support a long-term problem of diarrhea, as it was only again mentioned on March 13, 2020." Tr. 26. These assertions are contradicted by the record as Plaintiff's chronic diarrhea was detailed in a January 19, 2018, visit with Plaintiff's doctor as an "active problem" (Tr. 461) and identified as "[o]ngoing" during the March 13, 2020, visit the ALJ noted above (Tr. 26 (citing Exhibit 12F, at 3-11)). Moreover, Plaintiff testified that her diarrhea continued through at least 2019 and was not controlled by medication. Tr. 55 (noting Plaintiff's testimony that diarrhea impacted her "daily" and "that medication "did not stop it at all"). The record also includes reference to a "diarrhea" medication being prescribed for Plaintiff on October 22, 2018, and November 19, 2018 (Tr. 449), and again on March 11, 2019 (Tr. 467).[3] Plaintiff testified that her condition was so disabling that she was

---

[3] Plaintiff's alleged failure to seek a change in medication when that medication was ineffective is

unable to hold down her last job because of on-the-job accidents. Tr. 53–54.[4] Though Defendant disputes this last point, it was plainly incorrect to say that Plaintiff's diarrhea was controlled by medication and that there was no significant mention of the condition from 2017 until 2020 and a more robust analysis was required nonetheless.

"An ALJ's opinion that is internally inconsistent frustrates meaningful review and requires remand." *Mallett v. Berryhill*, No. 5:18-CV-241-D, 2019 WL 2932776, at *4 (E.D.N.C. June 17, 2019) (citing *Hester v. Colvin*, No. 7:14-CV-163-BO, 2015 WL 3409177, at *2 (E.D.N.C. May 27, 2015)), *report and recommendation adopted sub nom., Mallet v. Saul*, 2019 WL 2980032 (E.D.N.C. July 8, 2019). This is largely because when an ALJ has "failed to show his work," the ALJ's decision is unreviewable. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). And though I may have my own theories as to why an ALJ reached a particular conclusion, I am unable to "fill-in the gaps for the ALJ." *Rhodes v. Berryhill*, No. 5:16-CV-674-FL(2), 2017 WL 2303514, at *4 (E.D.N.C. May 10, 2017) (citing *Torres v. Colvin*, No. 1:15-CV-7-RLV, 2016 WL 54933, at *9 (W.D.N.C. Jan. 5, 2016)), *report and recommendation adopted*, 2017 WL 2303505 (E.D.N.C. May 25, 2017). Accordingly, I do not find that the ALJ's discussion of chronic diarrhea at step two, or the bare assertion that the condition had only a minimal effect on Plaintiff, "provided substantial evidence such that I am able to review [the ALJ's] decision and conclude that it should be affirmed." *Theresa C.*, 2022 WL 3649965, at *5.

Nor can I find that the section of the ALJ's opinion rejecting the opinion of Plaintiff's primary care provider, Dr. Nkiruka Obioha, provides the requisite discussion of the impact of Plaintiff's chronic diarrhea on the ability to complete a full day's work. As noted, the ALJ rejected Dr. Obioha's findings related to "claimant's other alleged impairments." Tr. 34. Assuming this vague reference includes Plaintiff's chronic diarrhea, there is nothing in this short statement that expands on the ALJ's inadequate discussion at step two.

Similarly, the ALJ's description of Plaintiff's activities of daily living fails to address the degree of impact chronic diarrhea might have on Plaintiff's ability to work. As part of the credibility evaluation, the ALJ may properly seize on any inconsistency between a claimant's complaints of pain and a claimant's reported routine activities. *See Johnson v. Barnhart*, 434 F.3d

---

referenced in the opinion as support for the ALJ's finding that Plaintiff's diarrhea was a non-severe impairment. Tr. 25–26. Putting aside that this contention seems incompatible with the ALJ's finding that "claimant's diarrhea *was* controlled with medication treatment" (Tr. 25 (emphasis added)), the failure to seek a change in medication does not, standing alone, address what impact the condition had on Plaintiff's daily activity and ability to work since the ALJ did not address the efficacy of any "new" medication during the hearing. Tr. 57.

[4] Of course, the record also reflects that Plaintiff "denie[d] . . . diarrhea" at an April 2019 doctor's appointment. Tr. 472. However, there is no discussion over whether that alleged denial meant that the condition was not bothering Plaintiff on the day of the visit, or whether Plaintiff's comment meant that the condition was resolved. Regardless, the latter is obviously not the case as Plaintiff returned to the doctor in early 2020 complaining of "ongoing" diarrhea. Tr. 578.

650, 658 (4th Cir. 2005) (agreeing with the ALJ's adverse credibility determination where claimant complained of pain, yet testified to attending church, reading books, watching television, cleaning, and cooking); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (upholding finding that claimant was not disabled where claimant's daily activities included cooking, cleaning, shopping, socializing, and walking to town every morning). While it is not my role to assess the facts, the ALJ did not appear to find that the performance of these daily activities provides proof that Plaintiff was misrepresenting the impact of chronic diarrhea on her life and work.[5] Instead, the ALJ referenced certain activities of daily living as proof that Plaintiff's non-severe conditions, including diarrhea, did not impact Plaintiff's ability to work a full day. Tr. 32. However, the ALJ failed to explain how any of the activities listed (visiting a nursing home, gaming at a casino, cutting grass, talking on the phone or "pick[ing] up sushi") are inherently incompatible with Plaintiff's diarrhea-related condition or are similar to a full day's work. *Fetter v. Comm'r, Soc. Sec. Admin.*, No. 15-2250-JMC, 2016 WL 3646850, at *2 (D. Md. July 7, 2016) ("The ALJ did not, however, specify which activities of daily living were inconsistent with [the claimant's] allegation that she spends at least two days per month in the hospital due to her migraines . . . ."); *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 263 (4th Cir. 2017) ("Moreover, the ALJ provided no explanation as to how those particular activities—or any of the activities depicted by Brown—showed that he could persist through an eight-hour workday.").

Defendant briefly responds to Plaintiff's argument regarding the inclusion of diarrhea-related RFC limitations by arguing that "there is no indication in the record that Plaintiff's chronic diarrhea produced any work-related limitations." ECF 15-1, at 17. Defendant's argument fails because it is contradicted by the ALJ's own opinion. The ALJ concluded at step two that Plaintiff's bowel condition was non-severe and only "minimally affect[ed] Plaintiff's ability to perform basic work activities . . . ." Tr. 26. This is different than finding that the condition had no impact at all. Plus, the ALJ never explained what that "minimal effect" was. This failure was not without potential consequence as the vocational expert testified that if Plaintiff needed "to take an unscheduled break to go to the bathroom intermittently throughout the work shift," then Plaintiff's "past relevant work is not performable." Tr. 73; *see also* Tr. 79 (explaining that even a security guard with access to a restroom would not be able to perform their work when suffering from chronic diarrhea "because they would need to wait until they're relieved by someone else and . . . that could become a problem."). The ALJ never explained the frequency with which Plaintiff's condition might require a trip to the restroom, or attempted to explain what the impact, however "minimal," the condition might cause. Thus, I cannot conclude that the omission of an RFC

---

[5] The ALJ makes no reference to a credibility finding as to Plaintiff's hearing testimony. Further, while the ALJ does reference Plaintiff's failure to correct medication, see *supra* note 3, the ALJ does not discuss Plaintiff's own description of her diarrhea-related symptoms and its consistency with other evidence in the record. This too may represent error. *See* Soc. Sec. Ruling 16-3p: Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P (S.S.A. Mar. 16, 2016) ("We will consider an individual's statements about the intensity, persistence, and limiting effects of symptoms, and we will evaluate whether the statements are consistent with objective medical evidence and the other evidence.").

limitation related to chronic diarrhea is supported by substantial evidence.

"Of course, it is in the purview of the ALJ to determine whether the combination of severe and nonsevere impairments requires additional limitations to Plaintiff's RFC and accompanying hypothetical." *Anthony M. v. Comm'r, Soc. Sec. Admin.*, No. SAG-19-651, 2020 WL 434581, at *4 (D. Md. Jan. 28, 2020). Thus, on remand an ALJ might revisit the issue and conclude, again, that no limitation is needed. However, since the ALJ here provided an inadequate explanation of Plaintiff's chronic diarrhea and its impact on Plaintiff's ability to work, I simply cannot review whether the ALJ's decision is supported by substantial evidence.

Because the Court remands on other grounds, it does not address Plaintiff's remaining arguments that the ALJ should have evaluated the necessity of Plaintiff's cane use, should have deemed chronic diarrhea and gout to be "severe" impairments, or should have, at minimum, included a limitation in the RFC to address Plaintiff's gout. On remand, the ALJ should also address these other issues. *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider *de novo* all pertinent issues.").

## V.    CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 12, is DENIED, and Defendant's motion for summary judgment, ECF 15, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

                    Sincerely,

                    /s/

                    Brendan A. Hurson
                    United States Magistrate Judge